UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ROGELIO A. CASIMIRO and BELEN T. CASIMIRO<br><br>        Debtors.<br>────────────────────────<br>FRANCO ENSALDO, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ROGELIO A. CASIMIRO, et al.,<br><br>        Defendants,<br>──────────────────────── | CIV-F-07-1218 AWI<br><br>ORDER RE: MOTION TO WITHDRAW REFERENCE<br><br><br>(Docs. 1 and 14) |

**I. History**[1]

    The matter is related to the bankruptcy of Rogelio A. Casimiro and Belen T. Casimiro. Certain farm workers ("Claimant Class") have made class action claims on the estate. Class Claimants allege that past wages were incorrectly calculated, giving rise to backpay and statutory

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

penalties. On May 8, 2006, Class Claimants made a claim for approximately $3.561 million ("Claim 20"). On June 25, 2007, they amended the claim, stating that approximately $1.651 million was due ("Claim 22"). On July 23, 2007, Class Claimants then made a motion to withdraw the matter to district court; the case was assigned to Judge Lawrence O'Neill. The Trustee objected to the motion as did the Debtors. The case was then reassigned. Class Claimants refiled their motion; Trustee refiled the opposition.

## II. Legal Standards

Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 in response to the Supreme Court Case, Northern Pipeline Construction Co. V. Marathon Pipe Line Co., 458 U.S. 50 (1982), which held the Bankruptcy Act of 1978 had "impermissibly shifted essential attributes of judicial power from the Article III district court to its non-Article III adjunct, the Bankruptcy court." Security Farms v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997). Under the 1984 law, district courts were given original jurisdiction over all cases arising under title 11 of the Bankruptcy Code, but "allowed federal courts to 'refer' bankruptcy cases to the bankruptcy judges for the district automatically. This authority was tempered, however, with a provision that the reference may or shall be withdrawn in certain situations." In re Vicars Ins. Agency, Inc., 96 F.3d 949, 951 (7th Cir. 1996), citations omitted. Title 28 U.S.C. §157(d) states, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

## III. Discussion

Class Claimants argue "Reference should be withdrawn on the grounds that this bankruptcy contested matter requires substantial consideration of non-bankruptcy federal and

state wage and hour laws; that Rule 23 class action matters are better heard by the district court, and that withdrawal is necessary to avoid the danger of inconsistent rulings and to effect judicial economy and avoid prejudice to the worker claims, who seek unpaid wages." Doc. 1, Motion, at 2:8-12.  The Trustee does not address these issues, only stating that ,

> Claimant Class is attempting to expand its motion for withdrawal of the objection to Claim No. 20 by filing a notice of hearing in which Class Claimants attempt to expand the original motion with the following language:
>
> '...and hereby do move, for withdrawal of reference of proceedings concerning their class claim for wages, filed May 8, 2006, and amended June 25, 2007.'
>
> This is an apparent attempt to withdraw the reference on the objection to the amended Claim, Claim No. 22, filed on June 25, 2007 without going through the procedure of filing the motion with the Bankruptcy Court. The motion before this Court involves only the objection to the original claim, Claim No. 20, and should be simply denied as moot.

Doc. 15, Supplemental Opposition, at 2:9-17.  However, the initial motion to withdraw, filed in district court on August 21, 2007, did in fact include Claim 22.  The motion was for "withdrawal of reference of a contested matter concerning a Class Claim in a bankruptcy proceeding, *In re Rogelio A. Casimiro fdba Golden Grain Farm Labor and Belen T. Casimiro*, No. 05-19558 in bankruptcy court." Doc. 1, Motion, at 2:3-5.  Attached to the motion as Exhibit A is Claim 22. Doc. 2, Part 1, at 10.  As Claim 22 amends Claim 20, Class Claimants must be interpreted as moving to withdraw Claim 22.

      The parties are familiar with the multiple related cases pending in district court.  In particular, Claim 22 specifically referenced Lara v. Casimiro, Civ. Case No. 06-0028 , and Doe v. DM Camp, Civ. Case No. 05-1417, incorporating the complaints in those cases. See Doc. 2, Parts 1-4.  In Lara v. Casimiro, the court withdrew reference from the bankruptcy court due to the fact that district courts are better suited to dealing with class actions.  "Although bankruptcy courts are empowered to oversee class actions, there is little reason to assume that they regularly do so. On the other hand, the district court has long experience in the management of this complex class of litigation." Malone v. Norwest Fin. Cal., Inc., 245 B.R. 389, 400 (E.D. Cal. 2000).  This case deals with the exact same issues as in Lara v. Casimiro and Doe v. DM Camp. Legal resolution of the state law claims at issue in those cases will help to clarify the merits of

Claim 22.  Withdrawal is appropriate in this case.

### IV. Order

Plaintiffs' motion for withdrawal of reference is GRANTED.

IT IS SO ORDERED.

**Dated:     September 26, 2008**                    **/s/ Anthony W. Ishii**
                                                                                  **CHIEF UNITED STATES DISTRICT JUDGE**